UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CASE NO.: 3:14-CV-00335-RNC

---

MARK SHALLIN, BRYAN WINSLOW,
JUAN TERRY, MELISSA PENNINGTON, and
LATOYA MANIGAULT

*individually and on behalf of all others similarly situated,*

Plaintiffs,

*versus*

PAYLESS SHOESOURCE, INC.,
COLLECTIVE BRANDS, INC., and
COLLECTIVE BRAND SERVICES, INC.,

Defendants.

---

### ORDER GRANTING PARTIES' JOINT MOTION FOR
### FINAL APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT

Pending before the Court is the Plaintiffs' and Defendants' (collectively, the "Parties") Joint Motion for Final Approval of Settlement and Entry of Judgment. The Court previously found the terms of the Settlement Agreement entered into between the Parties to be fair and reasonable and conditionally certified the classes and preliminarily approved the Settlement.

The Parties have advised that all terms have been satisfied. A declaration of the Claims Administrator has been filed with the Court demonstrating that no member of the settlement class has presented any objections to the settlement. This action is now ripe for entry of Final Judgment and dismissal so that the settlement funds can be disbursed to the Settlement Class Members and the attorney's fees held in escrow by the Defendants' escrow agent Wells Fargo can be released to the Plaintiffs' attorneys. Accordingly, it is hereby ORDERED as follows:

The Parties' Joint Motion For Final Approval of Settlement and Entry of Judgment is GRANTED in all respects. Upon the Effective Date, each of the Class Representatives (Mark Shallin, Bryan Winslow, Juan Terry, Melissa Pennington, and Latoya Manigault) and the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against Defendants as set forth in the parties' Class Action Settlement Agreement.[1] The claims asserted in this action against Payless Shoesource, Inc., Collective Brands, Inc., and Collective Brands Services, Inc. are hereby dismissed with prejudice with respect to the Class Representatives and the Settlement Class Members who participate or have participated in the Settlement. The Parties' Settlement is approved as to all such claims and individuals. The Defendants shall commence delivery of the settlement funds to the Claims Administrator as per the Parties' Settlement Agreement and shall direct the escrow agent to release the attorney's fees held in escrow to Feldman Law Group P.A.

Neither this Order, the Agreement, nor any other documents or information relating to the settlement of this action shall constitute, shall be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a class or collective action; (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing. This Court shall retain jurisdiction over this action for a period of sixty (60) days to enforce the terms of the Settlement Agreement.

IT IS SO ORDERED.
Dated: 9/3/15

/s/ Robert N. Chatigny
Robert N. Chatigny
United States District Court Judge

---

[1] All capitalized terms have the meanings set forth in the parties' Class Action Settlement Agreement.

2